IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL D. SCOTT, #Y48348, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-01653-SMY |
| | ) |
| KRISTOPHER THARP, | ) |
| STEPHEN RIDINGS, and | ) |
| RACHELL BRAUN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jamal D. Scott, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at the Madison County Jail. The case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff saw Nurse Rachell Braun for complaints of sleep apnea on December 1, 2020. Nurse Braun told him that her husband had sleep apnea and she was sure Plaintiff did not have it. He was placed on allergy medicine and a nasal spray.

Plaintiff submitted grievances on December 25 and 31, 2020 and January 1, 26, and 28, 2021 about his sleep apnea issues, requesting a sleep study, and advising Nurse Braun and Capt. Ridings that the medication he had been given was not helping his sleep apnea.

Plaintiff saw a physician at Gateway Regional Medical Center on March 3, 2021, who advised him that the allergy medicine and nasal spray would not help his condition, and that he needed a sleep study. Nurse Braun scheduled a sleep study for him on May 4, 2021. He had to sleep on a thin mat on the floor of a small attorney booth all night. Inmates are not supposed to sleep on the floor if they are not in a boat with a mat. The Madison County Jail has an infirmary that they only use for storage. He was charged $25 to sleep on the floor for the sleep study. He was diagnosed with obstructive severe sleep apnea.

On June 10, 2021, Officer Miller told Plaintiff that in accordance with instructions from Capt. Tharp, he would have to go to segregation or sleep on the floor to have a CPAP machine. Officers Miller and Griffin (n/k/a Huber) told him he would have to sign a refusal if he was not going to agree to sleep on the floor or go to segregation.

Plaintiff submitted a grievance on July 27, 2021 about chronic sleep apnea and the denial of access to the CPAP machine. He requested an extension cord during the night so he could use the CPAP machine. Capt. Ridings denied the grievance. He submitted another grievance on August 12, 2021 complaining about being required to sleep on the floor or go to segregation to use the CPAP machine. He again requested an extension cord but Capt. Tharp denied the grievance.

Plaintiff saw Nurse Braun on August 22, 2021 for complaints of waking up during the night with tightness in his chest and feeling like he was having a heart attack. She reiterated that he would have to sleep on the floor to use the CPAP machine and that she was not surprised that it felt like he was having a heart attack.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

Count 1: Eighth or Fourteenth Amendment claim against Braun and Ridings for exhibiting deliberate indifference and/or acting objectively unreasonably in denying and/or delaying medical treatment for Plaintiff's sleep apnea from December 2020 to March 2021.

Count 2: Eighth or Fourteenth Amendment claim against Braun, Ridings, and Tharp for exhibiting deliberate indifference and/or acting objectively unreasonably in denying Plaintiff access to a CPAP machine for treatment of his sleep apnea and/or for requiring Plaintiff to endure unconstitutional conditions of confinement to use the CPAP machine.

## Discussion

It is not clear whether Plaintiff was a pretrial detainee at the time his claims arose, or had been convicted but was still confined in the County Jail. If he was a convicted person during the relevant time, his claims implicate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). If he was a pretrial detainee, his claims fall under the Fourteenth Amendment due process clause. *Id.* Either way, the allegations in the Complaint state colorable claims in Count 1 against Braun and Ridings and in Count 2 against Braun, Ridings, and Tharp.

## Motion for Appointment of Counsel

Plaintiff's motion indicates he is unable to afford to hire an attorney, and he has attempted to obtain counsel on his own by writing to 3 law firms seeking representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Recruitment of counsel at this early stage of the case is generally premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). And it appears that Plaintiff is competent to litigate the case himself at this early stage. Accordingly, Plaintiff's second Motion for Recruitment of Counsel (Doc. 19) is **DENIED** without

---

(2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

prejudice.

If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## Disposition

Count 1 will proceed against Rachell Braun and Stephen Ridings. Count 2 will proceed against Rachell Braun, Stephen Ridings, and Kristopher Tharp.

The Clerk of Court shall prepare for Braun, Ridings, and Tharp: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to

Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

DATED:  April 10, 2023

*s/ Staci M. Yandle*
STACI M. YANDLE
U.S. District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for**

5

**Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**