THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL D. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01653-GCS |
| | ) |
| KRISTOPHER THARP, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On June 11, 2025, Defendants filed a motion for summary judgment. (Doc. 63). As a *pro se* litigant, Plaintiff is entitled to notice regarding the consequences of failing to respond to a motion for summary judgment. *See Timms v. Franks*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This is commonly referred to as a Summary Judgment Notice. Although Defendants' motion includes a notice discussing the consequences of failing to respond to a motion for summary judgment in a manner that complies with Rule 56, it does not address the consequences of failing to respond in a manner that complies with Southern District of Illinois Local Rule 56.1. Accordingly, consistent with Seventh Circuit Authority, and to assist Plaintiff in understanding the summary judgment process, the Court is providing Plaintiff with the requisite Summary Judgment Notice.

## SUMMARY JUDGMENT NOTICE

A defendant has moved for summary judgment against you. That makes the defendant the "movant" and you the "nonmovant." By moving for summary judgment, the defendant is arguing that there is no need for a trial because: (1) there is no legitimate disagreement about the important facts of the case; and (2) applying the law to those facts, the defendant wins. The defendant may move for partial summary judgment (meaning only as to some of the claims or issues raised by your complaint) or for summary judgment on all claims. When moving for summary judgment, the defendant must serve on you and file:

1. A Statement of Material Facts, which is a list of the facts the defendant thinks are true and undisputed.
2. The evidence that supports those facts.
3. A memorandum of law that makes a legal argument about why the defendant wins based on the law and the facts.

There are rules that both lawyers and people without lawyers must follow in moving for or opposing summary judgment. **If you do not follow the rules, then the judge may not consider your facts or your arguments**.

### I.   FEDERAL RULE OF CIVIL PROCEDURE 56 AND LOCAL RULE 56.1

Summary judgment is governed by Federal Rule of Civil Procedure 56, and the United States District Court for the Southern District of Illinois also has a Local Rule 56.1. Local Rule 56.1 explains what someone seeking summary judgment must submit and what you need to do to oppose summary judgment.

Reading this Notice is not a substitute for reviewing Rule 56 and Local Rule 56.1. You should be familiar with Rule 56 and Local Rule 56.1 before you prepare your opposition to summary judgment.

You will find more information about the summary judgment process in Section II, below. In reviewing this information, please note the following:

1. If you do not respond to the defendant's summary judgment motion by the applicable deadline, the judge may rule on the motion based solely on what the defendant has to say.
2. Even if you file your own summary judgment motion, you still must respond to the defendant's summary judgment motion.
3. With few exceptions, the Court will not consider any asserted fact that is not supported with a citation to the record.
4. If you do not specifically dispute a material fact asserted by the defendant, the judge may deem that fact undisputed.
5. The judge may strike any motion or response that does not comply with Rule 56 or with Local Rule 56.1.

## II.    SUMMARY JUDGMENT PROCESS

To respond to the summary judgment motion, you **must** file a Brief in Opposition to the Motion for Summary Judgment. The Brief must contain:

1. A Response to the defendant's Statement of Material Facts (*see* Section A).
2. A Statement of Additional Material Facts (if you want the judge to consider facts not included in the defendant's Statement of Material Facts) (*see* Section B).
3. A Memorandum of Law that explains why the defendant is not entitled to summary judgment based on the facts and the law (*see* Section C).
4. Any evidentiary material not submitted by defendant that supports your Response to the defendant's Statement of Material Facts or your Statement of Additional Facts (this material should be labeled and filed as exhibits).

Additionally, please note the following:

1. Your brief is due 30 days after service of the Motion for Summary Judgment.

2. Your Brief in Opposition to the Motion for Summary Judgment cannot be longer than 20 pages. Your Response to the Statement of Material Facts and your Statement of Additional Material Facts are not part of this page limit. Also, cover pages, tables of content, tables of authority, signature pages, certificates of service, and exhibits are not part of this page limit.
3. If you do not respond to the Motion for Summary Judgment, the judge may decide that you have admitted the defendant's Statement of Material Facts are true.

### A. Response to Defendant's Statement of Material Facts

A material fact is a fact is one that directly affects a legal issue raised in the defendant's motion for summary judgment. In its motion, the defendant has listed what it thinks are undisputed material facts. Each material fact is stated in a separately numbered paragraph. This is called a "Statement of Material Facts." For each fact, the defendant must point to evidence — such as affidavits, deposition transcripts, recordings, and other documents — supporting defendant's claim that the fact is true. You must respond to each of the defendant's facts, in corresponding numbered paragraphs. **If you do not respond to a fact asserted by the defendant, the judge may decide that you have admitted that the fact is true**. Your choices for how to respond to each fact are listed below:

1. Admit it. If you agree with a fact, write "Admitted." If you admit a fact in your response, you cannot later deny that fact in your statement of additional facts or in your legal argument.
2. Dispute it. If you think that a fact is not supported by the evidentiary material cited by the defendant, you should write "Disputed" and then briefly explain why you dispute the fact and cite the specific page(s) of evidence that supports your position.
3. Admit it and Dispute it. If you agree with part of the fact but disagree with another part of the fact, you should write "Admitted in part and Disputed in Part." You must specify which part is admitted and which part is disputed. Then, briefly explain why you dispute part of the fact and cite the specific page(s) of evidence that supports your position.

4. Not Supported by the Record. If you think the evidence defendant points to does not support the asserted fact, you should write "Not Supported by the Record Citation." Then briefly explain why the evidence defendant points to does not support the fact.
5. Object. If you think a particular piece of evidence the defendant cites to in support of the asserted fact is inadmissible, you should write "Object." Then briefly explain the basis for your evidentiary objection.
6. If you dispute a fact and object to the evidence that the defendant cites to support that fact, then you should briefly explain why you dispute the fact and your objection to the evidence. If you object to the defendant's evidence but do not deny the fact, and the judge overrules your objection, then the judge may consider you to have admitted the fact.

If your response points to evidence that the defendant did not submit, you must include that additional evidence as an exhibit filed and served along with your response.

**Do not include the following things in your Response to the Statement of Material Facts:**

1. New facts. New facts should be listed in your Statement of Additional Material Facts (*see* Section B).
2. Legal arguments. Legal arguments must not be included in your Response to the Statement of Material Facts. Your legal arguments should be included in your Memorandum of Law.

B. **Statement of Additional Material Facts**

If you want the judge to consider new facts, your Brief in Opposition to the defendant's Motion for Summary Judgment must include a separate section labeled "Statement of Additional Material Facts." Please note the following requirements:

1. Your Statement of Additional Material Facts **MUST** be organized into short, numbered paragraphs with no more than one fact in each paragraph.
2. You must support each fact by citing to a specific piece of evidence in the record. Your citation to the evidence should state the page number and/or paragraph where the evidence is located. For example, you

     might cite a particular page of a deposition transcript or a particular paragraph of an affidavit.
3. You can cite the evidence the defendant submitted with its Statement of Material Facts as support for the additional facts you are asserting. You can also cite evidence the defendant did not submit, but you must file and serve that evidence along with your statement of facts.
4. If you want to submit evidence of your own testimony (other than a deposition transcript), you should prepare an affidavit or declaration, which sets forth facts you know to be true <u>based on your personal knowledge</u>. An affidavit must be signed and notarized, while a declaration must be signed and include the following language from 28 U.S.C. § 1746:

> I declare under penalty of perjury that the foregoing is true and correct. Executed on [insert date]. [Signature].

**If you do not submit a Statement of Additional Material Facts, the judge may consider only the asserted facts in the defendant's Statement of Material Facts and any facts that are asserted in your Response to the defendant's Statement of Material Facts that are fairly responsive to the defendant's asserted facts.**

  C. **Memorandum of Law**

The defendant has submitted a legal memorandum explaining why it should win the case on summary judgment based on its statement of facts and governing law. You must answer that brief by filing a Memorandum of Law that responds to the defendant's arguments and explains why the defendant should not win the case on summary judgment. Your Memorandum should explain why the defendant is not entitled to summary judgment. If you do not make a legal argument in your Memorandum, you may lose the opportunity to make that argument on appeal. You can argue that because you and the defendant disagree on important facts, there needs to be a trial to decide which of you is right about those facts. You can also explain why the defendant's legal

arguments are wrong based on the law or based on the facts that you disputed in your Response to the defendant's Statement of Material Facts and/or that you included in your Statement of Additional Material Facts.

### III.   SAMPLE BRIEF IN OPPOSITION TO SUMMARY JUDGMENT MOTION

The following is an example of how you might organize your Brief in Opposition to Summary Judgment.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PLAINTIFF NAME,** | ) |
|          Plaintiff, | ) |
| vs. | )   Case No. XX-CV-XXX |
| **DEFENDANT(S) NAME(S),** | ) |
|          Defendant. | ) |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**Response to Defendant's Statement of Material Facts –** Respond to each of defendant's asserted facts, using the same numbered paragraphs. You must state whether the asserted fact is Admitted, Disputed, Admitted in Part and Disputed in Part, or Not Supported by the Evidence. Include a brief explanation and cite to the evidence in the record that supports your position. You may also object if you believe the asserted fact is not supported by admissible evidence.

| Paragraph No. | Defendant's Asserted Fact | Plaintiff's Response |
|---|---|---|
| 1 | Restate the asserted fact | Admitted |
| 2 | Restate the asserted fact | Disputed. Briefly explain why you dispute the fact. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |
| 3 | Restate the asserted fact | Admitted and Disputed. Briefly explain the part of the fact you dispute and why. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |
| 4 | Restate the asserted fact | Not Supported by the Record. Briefly explain why the evidence defendant points to does not support the asserted fact. |

| 5 | Restate the asserted fact | Objection. If you think the evidence defendant cites to in support of the asserted fact is inadmissible, you may object. Briefly explain the basis for your evidentiary objection. |

**Statement of Additional Material Facts:** If you want the judge to consider facts not included in the defendant's Statement of Material Facts, include a Statement of Additional Material Facts. Your Statement of Additional Material Facts **MUST** be organized into short, numbered paragraphs with no more than one fact in each paragraph. You must support each fact by citing to a specific piece of evidence in the record. If you cite to evidence not submitted by the defendant, you must serve and file that evidence along with your Brief in Opposition to Summary Judgment.

| **Paragraph No.** | **Your Additional Asserted Facts** |
|---|---|
| 1 | State one concise fact. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |
| 2 | State one concise fact. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |
| 3 | State one concise fact. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |
| 4 | State one concise fact. Cite to the evidence in the record that supports your position. Include page and/or paragraph numbers. |

**Memorandum of Law in Opposition to Summary Judgment**

This is where you explain your legal argument to the judge. Respond to the defendant's arguments and explains why the defendant should not win the case on summary judgment.

## IV.   CONCLUSION

As previously explained, consistent with Seventh Circuit authority, this Notice is provided to advise you of the consequences of failing to respond to a motion for summary judgment in a manner that complies with Federal Rule of Civil Procedure 56 and Local Rule 56.1. *See Timms v. Franks*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Reading this Notice is not a substitute for reviewing Rule 56 and

Local Rule 56.1. You should review Rule 56 and Local Rule 56.1 before you prepare your Brief in Opposition to Summary Judgment.

**IT IS SO ORDERED.**

**DATED: June 18, 2025**

Digitally signed by Judge Sison
Date: 2025.06.18
11:53:02 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**